**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| GIA MELTON, individually and as mother and next friend G.R., a minor,<br><br>Plaintiff,<br><br>v.<br><br>ANGENETTE C. EARLS; PK MANAGEMENT, LLC; NSA III ASSOCIATES LLC a/k/a and/or d/b/a Gary NSA III; THE NEAL COPMANY INC. a/k/a and/or d/b/a Window World; NSA III LIMITED PARTNERSHIP; and ASSOCIATED MATERIALS, INC.<br><br>Defendants. | CAUSE NO.: 2:17-CV-93-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). Despite invoking this Court's subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332, the Plaintiff has not made any citizenship allegations in any of her pleadings.

The Plaintiff filed her original Complaint on February 28, 2017 [ECF No. 1] against Defendants City of Gary, City of Gary Housing Authority, Angenette C. Earls, PK Management, LLC, Gary NSA III, Maxwell's Glass, and Window World. The Complaint alleges that "[t]his Court has diversity jurisdiction over the claims raised in this Complaint under 28 U.S.C. Code § 1332 - Diversity of citizenship; amount in controversy; costs." Compl. ¶ 10, ECF No. 1. The Complaint alleged that the Plaintiff "resides" in Illinois. *Id*. at 1. The Complaint did not allege the citizenship of the Plaintiff or any of the Defendants.

The Plaintiff filed an Amended Complaint on March 1, 2017 [ECF No. 3] for the purpose of replacing the name of the minor with the minor's initials throughout. No citizenship allegations were included.

On April 20, 2017, the Plaintiff filed a First Amended Complaint [ECF No. 28] (1) to properly name Gary NSA III as NSA III Associates, LLC, (2) to properly name Window World as The Neal Company, Inc., and (3) to add Defendant NSA III Limited Partnership. The Plaintiff again alleged jurisdiction based on diversity jurisdiction. *Id.* ¶ 10. No citizenship allegations were included.

On June 5, 2017, the Plaintiff filed a Second Amended Complaint to add Defendant Associated Materials, Inc. [ECF No. 52]. On June 7, 2017, the Plaintiff refiled the Second Amended Complaint [ECF No. 54]. Both Second Amended Complaints again alleged jurisdiction based on diversity jurisdiction. *Id.* ¶ 12. No citizenship allegations were included.

On July 20, 2017, the Plaintiff filed a Third Amended Complaint to add Defendant Residential Management Company, LLC [ECF No. 80]. The Plaintiff again alleged jurisdiction based on diversity jurisdiction. *Id.* ¶ 13. No citizenship allegations were included.

On January 7, 2019, the Plaintiff filed a Fourth Amended Complaint, dropping Defendants City of Gary, City of Gary Housing Authority, Maxwell's Glass, and Residential Management Company, LLC [ECF No. 131]. The Plaintiff continues to allege jurisdiction based on diversity jurisdiction. *Id.* ¶ 9. No citizenship allegations were included.

Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction must be established at the time the Complaint is filed, but the Court can later be divested of jurisdiction if an amended complaint adds a non-diverse party. *See Estate of Alvarez v. Donaldson Co., Inc.*,

213 F.3d 993, 994–95 (7th Cir. 2000) (holding that diversity jurisdiction established at the time the complaint is filed can be divested by the subsequent addition of nondiverse, indispensable parties in an amended complaint); *Costain Coal Holdings, Inc. v. Res. Inv. Corp.*, 15 F.3d 733, 734–35 (7th Cir. 1994). As the party seeking to invoke this Court's jurisdiction, the Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). A failure to meet that burden can result in a dismissal. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). In this case, the Plaintiff has sufficiently alleged that the amount in controversy exceeds $75,000. However, the Plaintiff has not made any allegations as to her own citizenship or that of the Defendants.

The Plaintiff and Defendant Angenette C. Earls are individuals. Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Defendants The Neal Company, Inc. and Associates Materials, Inc. are corporations. A corporation is a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92–93 (holding that the term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities).

Defendants PK Management, LLC, NSA III Associates, LLC, and Residential Management Company, LLC are limited liability companies, and Defendant NSA III Limited Partnership is a limited partnership. Both a limited liability company and a partnership take the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company or partnership are themselves limited liability companies or partnerships, the Plaintiff must also plead the citizenship of those members as of the date the Complaint was filed. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

It is unclear from the allegations of the pleadings whether Defendant Maxwell's Glass a/k/a and/or d/b/a Next Level Glass is a corporation, a limited liability company, a partnership, or other some other business entity. Nevertheless, the Plaintiff must identify the form of business entity that Maxwell's Glass has taken and properly allege its citizenship.

Accordingly, the Court ORDERS the Plaintiff to FILE, on or before, September 20, 2019, a supplemental jurisdictional statement identifying: (1) the citizenship on February 28, 2017, the date the Complaint was filed, of (a) the Plaintiff, (b) Angenette C. Earls, (c) PK Management, LLC, (d) NSA III Associates, LLC, (e) Maxwell's Glass, and (f) the Neal Company, Inc.; (2) the citizenship on April 20, 2017, the date of the First Amended Complaint, of NSA Limited Partnership; (3) the citizenship on June 5, 2017, the date of the Second Amended Complaint, of Associated Materials, Inc.; and (4) the citizenship on July 20, 2017, the date of the Third Amended Complaint, of Residential Management Company, LLC.

SO ORDERED on August 28, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT