**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| GIA MELTON, individually and as mother and next friend G.R., a minor,<br><br>  Plaintiff,<br><br>  v.<br><br>ANGENETTE C. EARLS; PK MANAGEMENT, LLC; NSA III ASSOCIATES LLC a/k/a and/or d/b/a Gary NSA III; THE NEAL COPMANY INC. a/k/a and/or d/b/a Window World; NSA III LIMITED PARTNERSHIP; and ASSOCIATED MATERIALS, INC.,<br><br>  Defendants. | CAUSE NO.: 2:17-CV-93-TLS-JPK |

**ORDER**

This matter is before the Court on the Court's September 10, 2019 Opinion and Order, which required Plaintiff to file an amended supplemental jurisdictional statement to cure deficiencies in the jurisdictional allegations regarding each Defendant's citizenship. Plaintiff has not filed the amended supplemental jurisdictional statement, and the time to do so has passed.

On August 28, 2019, the Court ordered the Plaintiff to file a supplemental jurisdictional statement to properly allege the citizenship of all parties. [ECF No. 158]. Plaintiff filed the Supplemental Jurisdictional Statement [ECF No. 159] on September 9, 2019. On September 10, 2019, the Court issued an Opinion and Order [ECF No. 160] identifying several deficiencies with Plaintiff's Supplemental Jurisdictional Statement and ordered Plaintiff to cure the deficiencies by September 20, 2019. On September 23, 2019, the Court granted an extension of the deadline to October 10, 2019. [ECF No. 164]. On October 16, 2019, the Court granted a second extension of the deadline to October 31, 2019. [ECF No. 171]. On November 1, 2019, the Court granted a third extension of the deadline to November 22, 2019. [ECF No. 174].

Plaintiff has not filed the amended supplemental jurisdictional statement to cure the identified decisions as ordered. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs.*, 312 F.3d 876, 879 (7th Cir. 2002). Despite invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1332, Plaintiff still has not established the citizenship of all Defendants to satisfy the diversity of citizenship requirements. As the party seeking to invoke this Court's jurisdiction, the Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009).

Accordingly, the Court ORDERS Plaintiff to show cause, on or before <u>December 18, 2019</u>, why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so may result in dismissal of this matter.

SO ORDERED on December 5, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
