# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GIA MELTON, individually and as mother and next friend of G.R., a minor, <br>     Plaintiff, <br><br> v. <br><br> CITY OF GARY, INDIANA, *et al.*, <br>     Defendants. | CAUSE NO.: 2:17-CV-93-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Unopposed Motion to Extend Time in Which to Supplement Jurisdiction [DE 209], filed on January 22, 2020. For the following reasons, the motion is granted. However, the Court warns Plaintiff that failure to submit an adequate supplemental jurisdictional statement and filing showing cause, pursuant to Chief Judge Theresa L. Springmann's orders, may result in dismissal or remand of this matter.

On August 28, 2019, Chief Judge Springmann ordered Plaintiff to file, on or before September 20, 2019, a supplemental jurisdictional statement identifying: (1) the citizenship on February 28, 2017, the date the Complaint was filed, of (a) Plaintiff, (b) Angenette C. Earls, (c) PK Management, LLC, (d) NSA III Associates, LLC, (e) Maxwell's Glass, and (f) the Neal Company, Inc.; (2) the citizenship on April 20, 2017, the date of the First Amended Complaint, of NSA III Limited Partnership; (3) the citizenship on June 5, 2017, the date of the Second Amended Complaint, of Associated Materials, Inc.; and (4) the citizenship on July 20, 2017, the date of the Third Amended Complaint, of Residential Management Company, LLC. (Aug. 28, 2019 Op. & Order 4, ECF No. 158).

The August 28, 2019 Order provided citations to cases explaining how a party must allege the citizenship(s) of the relevant entities. The Order noted that "[c]itizenship of a natural person is

determined by *domicile*, not by residence." *Id.* at 3 (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) (emphasis added); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996)). The Order further explained that "[a] corporation is a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business." *Id.* (citing 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)). Finally, the Order explained that "[b]oth a limited liability company and a partnership take the citizenship of its members," and "[i]f the members of the limited liability company or partnership are themselves limited liability companies or partnerships, the Plaintiff must also plead the citizenship of those members as of the date the Complaint was filed." *Id.* at 4 (citing *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007)).

On September 9, 2019, Plaintiff filed a supplemental jurisdictional statement containing insufficient allegations regarding the citizenship(s) of the above-named parties. Specifically, Plaintiff alleged the residences of Plaintiff and Defendant Earls, rather than their domiciles, and further alleged that Defendant PK Management, LLC was a "Delaware limited liability company with its principal place of business in Sherman Oaks, California," Defendant NSA III Associates, LLC was a "Delaware limited liability company with its principal place of business in Sherman Oaks, California," Defendant Maxwell's Glass was an "Indiana limited liability company with its principal place of business in Merrillville, Indiana," Defendant NSA III Limited Partnership was an "Indiana domestic limited partnership with its principal place of business in Sherman Oaks, California," and Defendant Residential Management Company, LLC was an "Indiana limited

2

liability company with its principal place of business in Valparaiso, Indiana."[1] (Suppl. Jurisdictional Statement ¶¶ 1-5, 7, 9, ECF No. 159).

On September 10, 2019, Chief Judge Springmann ordered Plaintiff to file an amended supplemental jurisdictional statement correcting these deficiencies. (Sept. 10, 2019 Op. & Order, ECF. No. 160). The Court reiterated that Plaintiff was required to "allege her own domicile and that of Angenette C. Earls." *Id.* at 1. The Court further reiterated that Plaintiff was required to identify "the members and the citizenship of each member of PK Management, LLC, NSA III Associates, LLC, and Residential Management Company, LLC" and "the partners and the citizenship of each partner of NSA Limited Partnership." *Id.* at 2.

There has since been considerable activity on the docket concerning the issue of subject matter jurisdiction. On September 23, 2019, the Court granted a motion for an extension of time for Plaintiff to file her supplemental jurisdictional statement, extending the deadline to October 10, 2019. On October 16, 2019, the Court granted a second motion for an extension of time for Plaintiff to file her supplemental jurisdictional statement, extending the deadline to October 31, 2019. On November 1, 2019, the Court granted a third motion for an extension of time for Plaintiff to file her supplemental jurisdictional statement, extending the deadline to November 22, 2019. This order noted that future motions to extend the deadline would be viewed with disfavor. The November 22, 2019 deadline passed with no filing from Plaintiff.

On December 5, 2019, Chief Judge Springmann ordered Plaintiff to show cause, on or before December 18, 2019, why this case should not be dismissed for lack of subject matter jurisdiction. On December 10 and 11, 2019, Plaintiff filed three motions to compel at Docket Entries 196, 198, and 200. The sole request for relief contained in the motions filed at Docket

---

[1] The Court notes that Defendants Maxwell's Glass and Residential Management Company, LLC are no longer parties to this action.

Entries 196 and 198 was that the Court extend Plaintiff's deadline to file her supplemental jurisdictional statement to November 22, 2019, a date that had already passed by the time the motions were filed. (Mot. Compel 3, ECF No. 196; Am. Mot. Compel 2, ECF No. 198). The amended motion to compel filed at Docket Entry 200 contained what appeared to be Plaintiff's actual request for relief, that the Court compel Defendants PK Management, LLC and NSA III Limited Partnership to provide a list of the names and citizenship(s) of their respective members and general partners. (Am. Mot. Compel 2, ECF No. 200). On December 12, 2019, Plaintiff filed a motion for an extension of time in which to conduct jurisdictional discovery, in light of the pending motions to compel and the difficulties faced by Plaintiff in obtaining the necessary information regarding the identity of Defendants' members and partners and the citizenship(s) of these entities. On December 13, 2019, the Court granted Plaintiff's motion for an extension of time in which to conduct jurisdictional discovery, extending the deadline to January 22, 2020. The Court also extended the show cause deadline to January 22, 2020.

On January 8, 2020, the Court held a telephonic status conference to discuss the pending motions to compel. During this conference, the Court denied the motions to compel without prejudice and advised the parties that any additional requests for action by the Court on this issue should be filed as a written motion. On January 16, 2020, at the request of the parties, the Court held another telephonic status conference, during which the parties requested direction from the Court regarding the supplemental jurisdictional statement. The parties proposed providing the Court with an affidavit such as the one filed at Docket Entry 211 to satisfy the Court's jurisdictional concerns. The Court advised the parties that a request for action by the Court on this issue should be made through written motion or request for a status conference. The Court further suggested that the parties conduct case law research to answer their inquiry regarding whether a statement

that certain parties were not citizens of Illinois might be sufficient to establish subject matter jurisdiction and comply with Chief Judge Springmann's orders. Finally, the Court affirmed all current deadlines.

On January 22, 2020, Plaintiff filed the instant motion. In her motion, Plaintiff requests that the Court grant her until at least February 22, 2020 to continue engaging in jurisdictional discovery. Plaintiff further requests that the Court provide the parties with instruction as to whether the Court will accept an affidavit from defense counsel stating that the citizenship(s) of the relevant Defendants was, at the relevant time, outside the state of Illinois. On January 23, 2020, Plaintiff filed the affidavit from defense counsel. On January 24, 2020, Plaintiff filed an amended affidavit. For the reasons explained below, Plaintiff is warned that the amended affidavit may not contain sufficient allegations as to the citizenship(s) of the relevant parties.

The Court first sounded the alarm on subject matter jurisdiction five months ago. Since then, the Court has provided four extensions of time for Plaintiff to supply proper allegations as to the citizenship(s) of the relevant parties. Chief Judge Springmann's August and September orders both included direction as to how Plaintiff could sufficiently allege the citizenship(s) of the relevant parties and provided citations to case law. Additionally, the undersigned noted at a telephonic status conference that the parties could perhaps benefit from conducting legal research of their own on this issue.

In her three motions to compel, Plaintiff represented that counsel for Defendant Earls confirmed Defendant Earls' citizenship. (Mot. Compel ¶ 2, ECF No. 196; Am. Mot. Compel ¶ 2, ECF No. 198; Am. Mot. Compel ¶ 2, ECF No. 200). Plaintiff directed the Court's attention to an email from defense counsel attached as Exhibit A to her motions.[2] *Id.* This email states, "Ms. Earls

---

[2] The Court notes that Plaintiff's third motion to compel at Docket Entry 200 was not accompanied by exhibits, though it appears to refer to the same exhibits as those attached to the motions to compel at Docket Entries 196 and 198.

in February of 2017 was a resident of Gary Indiana." (Mot. Compel Ex. A, ECF No. 196-1; Am. Mot. Compel Ex. A, ECF No. 198-1). Chief Judge Springmann has twice instructed that the citizenship of a natural person is not determined by their state of residence. Rather, "[t]he citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). Diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state." *Id.* at 835. Plaintiff must allege the *domicile*, not *residence*, of both herself and that of Defendant Earls.

The Court warns Plaintiff that the allegations contained in the amended affidavit may also prove insufficient. The amended affidavit, by counsel for Defendants PK Management, LLC, NSA III Associates, LLC, and NSA III Limited Partnership, among other entities, states the following:

> 4. **NSA III Limited Partnership** is a limited partnership organized on October 10, 2006 under the laws of the State of **Indiana** with its principal place of business located in the State of **California**.
>
> 5. NSA III Limited Partnership does not conduct business in the State of Illinois nor was it a "citizen" (as defined by the Court pursuant to the Opinion and Order filed August 28, 2019) of the State of Illinois on February 28, 2017, April 20, 2017 or at any other time.
>
> 6. NSA III Limited Partnership is comprised of two (2) partners. NSA III Associates LLC is the sole general partner of NSA III Limited Partnership and Van Buren III Associates Limited Partnership is the sole limited partner of NSA III Limited Partnership.
>
> 7. **NSA III Associates LLC** is a limited liability company organized May 9, 2012 under the laws of the State of **Delaware** with a principal place of business located in the State of **California**.
>
> 8. Neither NSA III Associates LLC nor the limited liability company manager of NSA III Associates LLC, nor any of the direct or indirect owners of the limited liability company manager of NSA III Associates LLC, conduct business in the State of Illinois.

9. Neither NSA III Associates LLC nor the limited liability company manager of NSA III Associates LLC, nor any of the direct or indirect owners of the limited liability company manager of NSA III Associates LLC were a "citizen" (as defined by the Court pursuant to the Opinion and Order filed August 28, 2019) of the State of Illinois on February 28, 2017 or at any other time.

10. **Van Buren III Associates Limited Partnership** is a limited partnership organized June 23, 1983 under the laws of the State of **Connecticut** and the principal place of business of Van Buren III Associates Limited Partnership is the State of **California**.

11. Van Buren III Associates Limited Partnership does not conduct business in the State of Illinois nor was it a "citizen" (as defined by the Court pursuant to the Opinion and Order filed August 28, 2019) of the State of Illinois on February 28, 2017 or at any other time.

12. The general partner of Van Buren III Associates Limited Partnership is a limited liability company organized October 4, 2018 under the laws of the State of **Connecticut** and the principal place of business of the general partner of Van Buren III Associates Limited Partnership is the State of **California**.

13. Neither the general partner of Van Buren III Associates Limited Partnership nor any of the direct or indirect owners of the general partner of Van Buren III Associates Limited Partnership conduct business in the State of Illinois.

14. Neither the general partner of Van Buren III Associates Limited Partnership nor any of the direct or indirect owners of the general partner of Van Buren III Associates Limited Partnership were a "citizen" (as defined by the Court pursuant to the Opinion and Order filed August 28, 2019) of the State of Illinois on February 28, 2017 or at any other time.

15. To the best of my knowledge, none of the limited partners of Van Buren III Associates Limited Partnership nor any of the direct or indirect owners of the limited partners of Van Buren III Associates Limited Partnership were a "citizen" (as defined by the Court pursuant to the Opinion and Order filed August 28, 2019) of the State of Illinois on February 28, 2017.

16. **PK Management LLC** . . . is a limited liability company organized December 6, 2010 under the laws of the State of **Delaware** and is the sole member **of NSA III Associates LLC** with a principal place of business located in the State of **Ohio**.

17. Neither PK Management LLC nor the limited liability company manager of PK Management LLC, nor any of the owners (direct and indirect) of PK Management LLC were a "citizen" (as defined by the Court pursuant to the Opinion and Order

filed August 28, 2019) of the State of Illinois on February 28, 2017 or at any other time. The owners (direct and indirect) of PK Management LLC are "domiciled" (as defined by the Court pursuant to the Opinion and Order filed August 28, 2019) in the States of New York, California, Ohio and Florida.

(Aff. ¶¶ 4-17, ECF No. 211).

Case law suggests that Plaintiff must offer more to satisfy the jurisdictional concerns of the Court. A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). After inquiry, the Court must therefore be advised of the identity of each member of Defendants PK Management, LLC, NSA III Associates, LLC, and NSA III Limited Partnership and advised of each member's citizenship. *Guardsmark, LLC*, 487 F.3d at 534 ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company or limited partnership are citizens of a particular state. *See Guar. Nat'l Title Co.*, 101 F.3d at 59 (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Likewise, it is not sufficient to allege that a party is not a citizen of a particular state; states of citizenship must be explicitly named. *Cameron v. Hodges*, 127 U.S. 322, 324-25 (1888). Finally, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

The Seventh Circuit Court of Appeals has explicitly rejected the type of affidavit proposed by Plaintiff in the instant matter. In *America's Best Inns, Inc.*, the parties provided the court with two affidavits regarding the citizenship of the defendant. An affidavit from defense counsel stated,

"[b]ased upon my personal knowledge, each of the limited partners of Best Inns of Abilene, L.P., was a resident of Kansas at the time the Complaint in the underlying action, Cause No. 90–C–4087, was filed." *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992). An affidavit from the president of the corporate plaintiff stated, "[t]o the best of my knowledge and belief . . . none of the limited partners of Best Inns of Abilene, L.P. were citizens of the State of Illinois nor of the State of Delaware at the time the complaint was filed." *Id.* The Court of Appeals held that neither of these statements established the citizenship(s) of all partners and remanded the case with instructions to dismiss for lack of subject matter jurisdiction. *Id.* The court specifically explained that, among other deficiencies,

> neither of the affidavits identifies the limited partners at the time the complaint was filed. It is impossible to determine diversity of citizenship without knowing who the persons in question are. And litigants instructed to specify the partners and their citizenship may not respond with a vacuous statement such as "no partner is a citizen of Illinois."

*Id.*

The amended affidavit in the instant matter appears similarly deficient. Through the amended affidavit, the Court is advised that the general partner and sole limited partner of Defendant NSA III Limited Partnership are Defendant NSA III Associates, LLC and Van Buren III Associates Limited Partnership, respectively. (Aff. ¶ 6, ECF No. 211). Yet, the Court is told only that the general partner of Van Buren III Associates Limited Partnership is itself a limited liability company organized under the laws of the State of Connecticut with a principal place of business in California and that neither the general partner, nor any direct or indirect owners of the general partner, nor any limited partners, nor any direct or indirect owners of the limited partners of Van Buren III Associates Limited Partnership were a citizen of Illinois when the Complaint was filed. *Id.* at ¶¶ 12, 14-15. The amended affidavit provides no information regarding the actual

identity of the members of Van Buren III Associates Limited Partnership—or even whether, perhaps, those members have members—much less the citizenship(s) of those members.

The question of Defendant PK Management, LLC's citizenship also remains. In Exhibit A to the instant motion, defense counsel identifies the following entities as members of PK Management, LLC: PK Group Holdings, LLC, Greg Perlman, GP Family Holdings, LLC, GP Kids Holdings, LLC, GJP and Friends, LLC, CMC Capital, LLC, Aequus Investments, LLC, and Castle Hills Investors. (Mot. Extend Time Ex. A 2, ECF No. 209-1).[3] Yet, again, the Court has been given no information regarding the citizenship(s) of these entities. The identity of all members of Defendant PK Management, LLC, much less the state(s) of which Defendant PK Management, LLC is a citizen, is far from clear.

The Court has provided Plaintiff with multiple opportunities to cure the deficiencies first identified by Chief Judge Springmann regarding the allegations of the citizenship(s) of the relevant parties. Plaintiff has twice stated that "no party objected to jurisdiction in this matter." (Mot. Extend Time ¶ 18, ECF No. 202; Mot. Extend Time ¶ 24, ECF No. 209). This is irrelevant. The Court is required to police its subject matter jurisdiction, and it will continue to do so here. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

"Once the court sounds the alarm, the litigants must be precise." *Am.'s Best Inns, Inc.*, 980 F.2d at 1073. The allegations provided by Plaintiff thus far, including those in the amended affidavit, appear insufficient for the purpose of determining the citizenship(s) of the relevant

---

[3] The Court notes that an email from Plaintiff's counsel identifies Robert Kriensky as a potential member of Defendant PK Management, LLC, but this individual is not listed as a member by defense counsel. (Mot. Extend Time Ex. A 2-3, ECF No. 209-1).

parties. Nonetheless, this order does not predict how Chief Judge Springmann will rule on any forthcoming jurisdictional statement from Plaintiff, nor does it seek to highlight every possible deficiency in the allegations already offered. It is for Plaintiff to consider the issue, conduct thorough research as necessary, and ultimately respond to the orders of Chief Judge Springmann. As stated in Chief Judge Springmann's August 28, 2019 Order, Plaintiff must allege: (1) the citizenship on February 28, 2017, the date the Complaint was filed, of (a) Plaintiff, (b) Angenette C. Earls, (c) PK Management, LLC, (d) NSA III Associates, LLC; and (2) the citizenship on April 20, 2017, the date of the First Amended Complaint, of NSA III Limited Partnership. (Aug. 28, 2019 Op. & Order 4, ECF No. 158).

Accordingly, the Court hereby **GRANTS** Plaintiff's Unopposed Motion to Extend Time in Which to Supplement Jurisdiction [DE 209] as follows:

1. The Court **GRANTS** Plaintiff's request to extend the deadline to conduct jurisdictional discovery and **EXTENDS** this deadline to **February 28, 2020**. **No further requests to extend this deadline will be granted**.

2. At the direction of the District Court, the Court **EXTENDS** Plaintiff's deadline to show cause why this matter should not be dismissed for lack of subject matter jurisdiction to **February 28, 2020**. **No further requests to extend this deadline will be granted**.

Finally, the Court notes that it will look favorably upon a motion for a protective order to allay privacy concerns, should that be necessary to facilitate supplying the Court with proper allegations regarding the citizenship(s) of the relevant parties.

So ORDERED this 29th day of January, 2020.

        s/ Joshua P. Kolar
        MAGISTRATE JUDGE JOSHUA P. KOLAR
        UNITED STATES DISTRICT COURT